# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 03/03/2021 09:33 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton, Deputy Clerk
21STCV08473

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

TRUIST FINANCIAL CORPORATION, TRUIST BANK, AND DOES 1 TO 10, INCLUSIVE

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JAM CAPITAL MANAGEMENT, INC.,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: *(Número del Caso):* |
|---|---|
| *(El nombre y dirección de la corte es)* Superior Court of California - County of Los Angeles - Central District<br>111 North Hill Street, Los Angeles, CA 90012 | 21STCV08473 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Paulinus Eichie, SBN: 224564 - Law Offices of Alfred O. Anyia, 10545 Burbank Bl. #126. N. Hollywood, CA 91601. Tel (818)432-8467

| DATE:<br>*(Fecha)* 03/03/2021 | Sherri R. Carter Executive Officer / Clerk of Court | Clerk, by<br>*(Secretario)* | R. Clifton | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* TRUIST BANK
   under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 3-17-21

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[ Print this form ]   [ Save this form ]   [ Clear this form ]

Electronically FILED by Superior Court of California, County of Los Angeles on 03/03/2021 09:33 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk
Case 2:21-cv-03306-MWF-E   Document 1-1  Filed 04/16/21   Page 3 of 24   Page ID #:8
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Robert Broadbelt

1  *Law Offices of Alfred O. Anyia*:
**PAULINUS E. EICHIE, ESQ.- SBN:224564**
2  **ALFRED O. ANYIA, ESQ.. - SBN:183571**
3  10545 Burbank Boulevard, Suite 126
North Hollywood, California 91601
4  Telephone: (818)432-8467; Facsimile: (818)322-1269

5  Attorney for Plaintiff, **JAM CAPITAL MANAGEMENT, INC.,**

6

7  # SUPERIOR COURT OF CALIFORNIA

8  ## FOR THE COUNTY OF LOS ANGELES - CENTRAL DISTRICT

9

10  JAM CAPITAL MANAGEMENT, INC.,              **CASE NO.:**    21STCV08473
       )
11                                             )    **Verified Complaint For :**
       )
12                    Plaintiff,               )    **1. Breach of Contract**
       )
13  vs.                                        )    **2.  Breach of Covenant of Good faith**
       )
14                                             )    **and Fair Dealing**
       )
15  TRUIST FINANCIAL CORPORATION,              )    **3.  Breach of Fiduciary Duty**
       )
16  TRUIST BANK, AND DOES 1 TO 10,             )    **4.  Conversion**
       )
17  INCLUSIVE,                                 )    **5.  Money Had and Received**
       )
18                                             )    **6.  Wrongful Dishonor**
       )
19                    Defendants.              )    **7.  Violation of Commercial Code**
       )
20                                             )    **§11404**
       )
21                                             )    **8.  Unfair Business Practices**
       )
22  _____        **9. Negligence**

23                                             **10. Injunctive Relief**

24                                             **11. Declaratory relief**

25

26

27      Plaintiff, JAM CAPITAL MANAGEMENT, INC., complains against the Defendants and

28  each of them as follows:

## PRELIMINARY STATEMENT

1.  Plaintiff, JAM CAPITAL MANAGEMENT, INC.,  (hereinafter, "Plaintiff") is a Corporation duly incorporated under the laws of the State of Nevada and authorized to conduct business in Los Angeles County, State of California.

2.  Defendant, TRUIST FINANCIAL CORPORATION (hereinafter, "Defendants") is a corporation duly registered under the laws of the State of North Carolina and the parent company of Defendant TRUIST BANK (also known as SUNTRUST BANK), authorized to conduct business in Los Angeles County State of California.

3.  Defendant, TRUIST BANK (hereinafter, "Defendants"), is a corporation duly registered under the laws of the State of California and a subsidiary of its parent company, Defendant TRUIST FINANCIAL CORPORATION, authorized to conduct business in Los Angeles County State of California as a bank. For purposes of brevity, Defendants TRUIST FINANCIAL CORPORATION and TRUIST BANK will be referred to in this complaint as "the Defendants".

4.  Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1- 10, inclusive, and therefore sues such defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged.

5.  Upon information and belief, Plaintiff heretofore alleges that the within-named Defendants (including DOE Defendants), are the agents and principals of one and the other and in doing the things hereafter alleged, acted in concert and with the permission, consent and authorization of one or the other Defendants.

## BACKGROUND MATTERS AFFECTING ALL CLAIMS

6.  On September 22, 2020, Plaintiff, a business entity whose principal place of business is in Los Angeles County, California, applied to the Defendants (and the Defendants agreed) to open a simple business checking account at Defendants's bank, then known as SUNTRUST

Bank. The parties agreed that for a monthly fee (and other fees) to be paid by Plaintiff, the Defendants will open and maintain a business account for the Plaintiff where Plaintiff can deposit and/or withdraw funds for its business purpose.

7.      Thereafter, Plaintiff's agent and Chief Executive Officer, Morufu Akinbile ("Plaintiff's CEO") was provided with a checking account number ending xxxxxxxxxxxxx-9861 ("the account") and details on how to make both deposits and withdrawals into the account. Plaintiff's CEO signed the required documents and consummated the agreement by transferring the agreed initial deposit sum of $100.00 into the account and on October 29, 2020, another sum of $1,000,00 was transferred and deposited into the account.

8.      In or around November 5, 2020, Plaintiff's business customer and client in Mexico, wired the sum of $138,968.50 ("the funds") into the account to be paid to the order of the Plaintiff and for payment of services performed by the Plaintiff.

9.      In or around November 7, 2020, Plaintiff's CEO contacted the Defendants to inquire about withdrawing part of the funds for business purposes, but was informed by a representative of Defendants that Plaintiff cannot withdraw any part of the funds from the account because the funds were on "hold" pending an investigation for "fraud" as to the source of the funds. The account only showed a balance of $1,000.00, an incorrect balance and the account was blocked.

10.     Thereafter, in or around November 12 and 13, 2020, Plaintiff's CEO made telephone calls to the Defendants to inquire about the funds and the blocked account and was told by representatives of the Defendants that the account was still on hold and being investigated due to Plaintiff's "violations" of Defendants' rules and that the account will eventually be closed. Plaintiff's CEO agreed to a closure of the account and for a check in the amount of the funds to be sent to the Plaintiff as soon as possible, since the funds were needed to pay for business expenses, but the Defendants refused.

11.     During these telephone conversations, Defendants' representatives told the Plaintiff's CEO that investigation into the funds was continuing and will take another (10)

banking days (excluding weekends and holidays) before the investigation will be concluded in on or about November 30, 2020.

12.     In or around November 30, 2020, Plaintiff's CEO called the Defendants again to inquire as to when the funds would be released and was told that the Defendants' investigation into the source of the funds now had no specific end date and that the account would be closed and the funds disbursed. Plaintiff's CEO agreed and requested that a check of the account balance (including the funds), be sent to the Plaintiff but the Defendants refused, stating that Defendants were still conducting an investigation because of some kind of inconsistency in Plaintiff's incorporation details, which Plaintiff's CEO explained as minor errors.

13.     After days of not hearing back from the Defendants, Plaintiff's CEO called the Defendants and protested the delay in releasing the funds but the Defendants refused stating that they were not comfortable releasing the funds to the Plaintiff even though Defendants' representatives could not articulate a reason for withholding the funds. Defendants' representatives told the Plaintiff that Defendants would not release the funds and for the Plaintiff to have its customer recall the wire transfer and the funds.

14.     Thereafter, Plaintiff's CEO was contacted by the Plaintiff's customer in Mexico (on whose instructions the funds were wired to the Plaintiff), who stated that the Defendants had contacted the customer's bank in Mexico that originally wired the funds into Plaintiff's account, and requested that said bank have its customer recall the funds for suspicion of fraud. However, the customer instructed its bank not to recall the funds and to let the Defendants know that the funds were meant as contractual payment for business services. Defendants were informed by the customer's bank in Mexico, that it could only recall the wire transfer (and the funds), if the wire transfer was unauthorized by its customer in Mexico or fraudulent and that this was not the case because the wire transfer was authorized by its customer. Plaintiff's CEO called the Defendants and relayed these facts to the Defendants who still refused to release the funds to the Plaintiff.

15.     In or around December, 2020, Plaintiff retained counsel who called the Defendants' representative, Candace Martin and attempted to secure a release of the funds but

was informed by Ms. Martin that the reason that the funds were not released to the Plaintiff was that there was a discrepancy in the name of the beneficiary. However, when counsel asked Ms. Martin to point out the discrepancy she would not do so and instructed Plaintiff's counsel to contact Defendants' legal department.

16.     On December 22, 2020, Plaintiff's counsel wrote a letter to the Defendants' Legal Department imploring the Defendants to state whatever interest it had in the funds or release the funds. The Defendants received the letter but refused to respond to the letter. However on January 12, 2021, Plaintiff's CEO again called Ms. Martin who then informed the Plaintiff's CEO that Defendants will not release the funds because there was a "name mismatch" in the wire transfer of the funds and that Plaintiff needed to validate the transaction between Plaintiff and its customer in Mexico (which necessitated the wiring of the funds) and required proof of the validity of such transaction from the Plaintiff, before the Defendants can release the funds.

17.     On February 16, 2021, in a telephone discussion initiated by Defendants' representative, Ms. Martin, she informed the Plaintiff's counsel and Plaintiff's CEO that the Defendants had reached a resolution of their investigation and had decided to release the funds to the Plaintiff but only on the condition that Plaintiff have the originating bank in Mexico issue a "hold harmless" letter in favor of the Defendants. However, Plaintiff does not have a relationship with the bank in Mexico and Plaintiff's customer informed the Plaintiff that the bank in Mexico had done what it was legally required to do and has paid the wired funds to the Defendants.

18.     Even though Plaintiff informed the Defendants on numerous occasions that the funds were meant for business purposes, had demanded the funds be released and that refusal to release the funds was causing business losses to the Plaintiff, Defendants have refused (and continue to refuse) to release the withheld funds, which it has withdrawn from the Plaintiff's account and is now utilizing for its own purpose benefit and profit.

19.     The Defendants have no interest whatsoever in the funds and have not given any reasonable reason for withholding the funds, but have advanced various unfounded and invalid reasons for not releasing the funds to the Plaintiff, all for the purpose of keeping the funds for its

Verified Complaint For: Breach of Contract, etc.

1 | own use and profit to the detriment of the Plaintiff.

2 |     20.    Plaintiff heretofore alleges that each and every conversation and/or discussion that

3 | its agent and counsel had with the Defendants' agents concerning the funds was preceded by a

4 | warning from the Defendants' representatives, that the conversation and/or discussion was being

5 | recorded.

6 |     21.    As a result of the aforementioned conduct of the Defendant and each of them,

7 | Plaintiff hereby alleges the following causes of action against Defendants and seek relief as

8 | hereafter proven.

9 | <div align="center">**FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT**</div>

10 | <div align="center">**AGAINST ALL DEFENDANTS**</div>

11 |

12 |     22.    Plaintiff repeats, re-pleads and realleges each and every allegation set forth in

13 | paragraphs 1 through 21 of this complaint and incorporates same herein by this reference.

14 |     23.    On or about October 1, 2020, Plaintiff entered into written agreement with the

15 | Defendants in that it was the holder of the Defendants' business checking account number ending

16 | xxxxxxxxxxxxx-9861 (hereinafter "the account"). Under the agreement, Defendants for a

17 | monthly fee, agreed to receive monies and keep such monies in the account for and on behalf of

18 | the Plaintiff, and to pay any all demands and items as authorized by Plaintiff to be negotiated on

19 | the account.

20 |     24.    Plaintiff has performed all obligations required of it to maintain the account,

21 | including but not limited to signing the required application, making the initial deposit into the

22 | account and paying the required service fees, and have no other duties or obligations to perform

23 | under the agreement but to expect the performance of the Defendants.

24 |     25.    In or around November 5, 2020, Plaintiff's customer wired the sum of

25 | $138,968.50 into the account for and on behalf of the Plaintiff, which the Defendants accepted

26 | and charged a fee for.

27 |     26.    In or around November 7, 2020, the Defendants breached the agreement when the

28 |

Plaintiff made a demand to withdraw part of the funds in the account but discovered that the account only showed a balance of approximately $1,000.00, that the Defendants had debited the account for the sum of $138,968.50, the amount of the funds which did not belong to the Plaintiff and that Defendants had blocked the account.

27.    As a result of the aforementioned breach of the agreement, Plaintiff has suffered and continue to suffer damages in the form of business losses and interest on the funds, all in an amount in excess of the jurisdictional limits of this court to be shown by way of proof at trial.

## SECOND CAUSE OF ACTION

### Breach of The Implied Covenant of Good Faith and Fair Dealing - Against All Defendants

28.    Plaintiff repeats, re-pleads and realleges each and every allegation set forth in paragraph 1 through 27 of this complaint and incorporates the same herein by this reference.

29.    On or about October 1, 2020, Plaintiff entered into an agreement with the Defendants in that it was the holder of the Defendants' business checking account number ending xxxxxxxxxxxxx-9861 (hereinafter "the account"). For a monthly fee, Defendants agreed to receive monies and keep such monies into the account on behalf of the Plaintiff and to pay any all demands and items as authorized by Plaintiff to be negotiated on the account.

30.    Plaintiff has performed all obligations required of it to maintain the account including but not limited to signing the required application, making the initial deposit into the account and paying the required service fees and have no other duties or obligations to perform under the agreement but to expect the performance of the Defendants.

31.    There is an implied promise in every agreement in California, that each side to the agreement will not do anything to affect the rights of the other side to receive the benefits that the other side is entitled to receive under the agreement.

32.    In or around November 5, 2020, Plaintiff's customer wired the sum of $138,968.50 into the account for and on behalf of the Plaintiff which the Defendants accepted and charged a fee for.

33.    In or around November 7, 2020 and in accordance with the agreement, Plaintiff

---

Verified Complaint For: Breach of Contract, etc.

made a demand to withdraw funds from the account but was prevented from doing so by the Defendant because Plaintiff discovered that the account only showed a balance of approximately $1,000.00 and also showed that the Defendants had debited the account for the sum of $138,968.50, the amount of the funds which did not belong to the Defendant.

34.     Defendants have not acted fairly and in good faith towards the Plaintiff because Plaintiff has requested that the Defendants release the funds to the Plaintiff but the Defendants have refused to release the funds claiming various unfounded reasons for not doing so while keeping and using the funds for its own use, benefit and profit, all to the detriment of the Plaintiff.

35.     As a result of the aforementioned breach of the implied covenant of good faith and fair dealing Plaintiff has suffered and continue to suffer damages in excess of the jurisdictional limits of this court to be shown by way of proof at the time of trial.

### THIRD CAUSE OF ACTION

### (Breach of Fiduciary Duty - Against All Defendants)

36.     Plaintiff repeats, re-pleads, and realleges each and every allegation set forth in paragraph 1 through 35 of this complaint and incorporates the same herein by this reference.

37.     On or about October 1, 2020, Plaintiff entered into an agreement with the Defendants in that it was the holder of the Defendants' business checking account number ending xxxxxxxxxxxxx-9861 (hereinafter referred to as "the account"). Under the agreement, Defendants, for a monthly fee, agreed to receive monies and keep such monies in the account for and on behalf of the Plaintiff and to pay any all demands and items as authorized by Plaintiff to be negotiated on the account. As such, Defendants owed the Plaintiff a fiduciary duty of loyalty nt to tamper with the monies in the Plaintiff's account.

38.     In or around November 5, 2020, Plaintiff's customer wired the sum of $138,968.50 into the account for and on behalf of the Plaintiff which the Defendants accepted and charged a fee for.

39.     In or around November 7, 2020, Plaintiff made a demand to withdraw funds from

---

Verified Complaint For: Breach of Contract, etc.

the account but was prevented from doing so by the Defendants who had withdrawn the amount of $138,968.50 from the account and blocked the account.

40.     Plaintiff has since requested that the Defendants release and return such funds to the Plaintiff but the Defendants have refused to do so and kept the funds for their own use, benefit and profit to the detriment of the Plaintiff.

41.     As a result of the aforementioned breach of the implied covenant of good faith and fair dealing Plaintiff has suffered and continue to suffer damages in excess of the jurisdictional limits of this court to be shown by way of proof at the time of trial.

## FOURTH CAUSE OF ACTION

### (Conversion - Against All Defendants)

42.     Plaintiff repeats, re-pleads and realleges each and every allegation set forth in paragraphs 1 through 41 of this complaint and incorporates the same herein by this reference.

43.     In or around November 5, 2020, Plaintiff's customer wired the sum of $138,968.50 into the account for and on behalf of the Plaintiff which the Defendants accepted and charged a fee for.

44.     At all times herein mentioned, Plaintiff was and still is, the owner entitled to the possession of the funds in the account and the Defendants have no interests whatsoever to the funds.

45.     In or around November 7, 2020, Plaintiff made a demand to withdraw funds from the account but was prevented from doing so by the Defendants who had withdrawn the amount of $138,968.50 from the account and converted such funds to the Defendants' use.

46.     Plaintiff has since requested (orally and in writing) that the Defendants release and return such funds to the Plaintiff but the Defendants have refused to do so (and continue and refuse to do so) and kept the funds for their own use, benefit and profit, to the detriment of the Plaintiff.

47.     As a proximate result of Defendants' wrongful conversion of the funds in the account, Plaintiff has suffered reasonable and proximate business losses and has been damaged

---

Verified Complaint For: Breach of Contract, etc.

1  in an amount according to proof at the time of trial.

2      48.    The aforementioned conduct of the Defendants in converting the Plaintiff's funds

3  in the account was motivated by fraud and malice thereby entitling the Plaintiff to an award of

4  punitive damages in an amount according to proof.

5  <center>**FIFTH CAUSE OF ACTION**</center>

6  <center>**(Damages for Money Had and Received - Against All Defendants)**</center>

7      49.    Plaintiff repeats, re-pleads and realleges each and every allegation set forth in

8  paragraph 1 through 48 of this complaint and incorporates the same herein by this reference.

9      50.    In or around November 5, 2020, Plaintiff's customer wired the sum of

10  $138,968.50 into the account of the Plaintiff at the Defendants bank for the benefit and use of the

11  Plaintiff, which the Defendants acknowledged.

12      51.    In or around November 7, 2020, Defendants withdrew such funds from the

13  account and have thereby prevented Plaintiff from withdrawing such funds for his own use.

14      52.    Plaintiff has since requested that the Defendants release and return such funds to

15  the Plaintiff but the Defendants have refused to do so (and continue to refuse to do so) and have

16  kept the funds for their own use, benefit and profit to the detriment of the Plaintiff.

17      53.    As a proximate result of Defendants' wrongful conduct in retaining the funds to

18  the detriment of the Plaintiff, Plaintiff has suffered reasonable and proximate business losses and

19  has been damaged in an amount according to proof at the time of trial.

20  <center>**SIXTH CAUSE OF ACTION**</center>

21  <center>**(Wrongful Dishonor - Against all Defendants)**</center>

22      54.    Plaintiff repeats, re-pleads and realleges each and every allegation set forth in

23  paragraphs 1 through 53 of this complaint and incorporates the same herein by this reference.

24      55.    As stated above, in or around October 1, 2020, Plaintiff was the holder of the

25  account number ending xxxxxxxxxxxxx-9861 in Defendants' bank which the Defendants

26  operated for a fee. Defendants charged the Plaintiff a monthly fee to receive monies and keep

27  such monies into the account on behalf of the Plaintiff and to pay any all demands and items as

authorized by Plaintiff to be negotiated on the account.

56. In or around November 5, 2020, Plaintiff's customer wired the sum of $138,968.50 into the account for and on behalf of the Plaintiff which the Defendants accepted and charged a fee for.

57. In or around November 7, 2020, Plaintiff made a demand to withdraw part of the funds from the account but was prevented from doing so by the Defendants who had withdrawn the whole amount of the funds ($138,968.50) from the account.

58. As at the time that Plaintiff made a demand to withdraw part of the funds, Plaintiff had more than enough funds in the account to cover the amount sought to be withdrawn.

59. Plaintiff has since requested that the Defendants release and return such funds to the Plaintiff but the Defendants have refused to do so and kept the funds for their own use, benefit and profit to the detriment of the Plaintiff.

60. As a proximate result of Defendants' wrongful conduct in dishonoring Plaintiff's request to withdraw part of the funds, Plaintiff has suffered reasonable and proximate business losses and has been damaged in an amount according to proof at the time of trial.

61. The aforementioned conduct of the Defendants in refusing to honor the Plaintiff's demand for part of the funds in the account was motivated by fraud and malice, thereby entitling the Plaintiff to an award of punitive damages pursuant to California <u>Civil Code</u> section 3294, in an amount according to proof.

## **SEVENTH CAUSE OF ACTION**

### **(Violation of California Commercial Code §11404, et seq. Against All Defendants)**

62. Plaintiff repeats, re-pleads and realleges each and every allegation set forth in paragraphs 1 through 61 of this complaint and incorporates the same herein by this reference.

63. As stated above, in or around October 1, 2020, Plaintiff was the holder of bank account number ending xxxxxxxxxxxxx-9861 in Defendants' bank which the Defendants operated for a fee. Defendants charged the Plaintiff a monthly fee to receive monies and keep such monies (including wire transfers) into the account on behalf of the Plaintiff and to pay any

1    and all demands and items as authorized by Plaintiff to be negotiated on the account.

2    64.    In or around November 5, 2020, Plaintiff's customer wired the sum of

3    $138,968.50 into the account for and on behalf of the Plaintiff which the Defendants accepted

4    and charged a fee for. As such and pursuant to the provisions of the California Commercial Code

5    section 11404(a), Defendants became obliged to pay the amount of the order of the wire transfer

6    in the amount of the funds "to the beneficiary of the order", in this case, the Plaintiff.

7    65.    In or around November 7, 2020, Plaintiff as beneficiary, made a demand to

8    withdraw part of the funds from the account but was prevented from doing so by the Defendants

9    who had withdrawn the whole amount of the funds ($138,968.50) from the account.

10   66.    Plaintiff and its counsel have since made numerous oral and written requests upon

11   the Defendants to release the wired funds and have also informed the Defendants that Plaintiff

12   was incurring business losses and unnecessary expenses as a result of the Defendants' refusal to

13   release, the funds, yet the Defendants have refused and continue to refuse to release the funds

14   while advancing baseless and contradictory reasons for doing so.

15   67.    As a proximate result of Defendants' wrongful withholding of the funds, Plaintiff

16   has suffered business losses and expenses and proximate damages in excess of the jurisdictional

17   threshold of this court to be shown by way of evidence at the time of trial.

18   68.    The aforementioned conduct of the Defendants in refusing to honor the Plaintiff's

19   demand for part of the funds in the account was motivated by fraud and malice, thereby entitling

20   the Plaintiff to an award of punitive damages pursuant to California Civil Code section 3294, in

21   an amount according to proof.

22   **EIGHT CAUSE OF ACTION**

23   **(Unfair Business Practices Cal. B & P Code §17200 - Against All Defendants)**

24   69.    Plaintiff repeats, re-pleads and realleges each and every allegation set forth in

25   paragraphs 1 through 68 of this complaint and incorporates the same herein by this reference.

26   70.    As stated above, in or around October 1, 2020, Plaintiff was the holder of bank

27   account number ending xxxxxxxxxxxxx-9861 in Defendants' bank which the Defendants

operated for a fee. Defendants charged the Plaintiff a monthly fee to receive monies and keep such monies (including wire transfers) into the account on behalf of the Plaintiff and to pay any all demands and items as authorized by Plaintiff to be negotiated on the account.

71.     In or around November 5, 2020, Plaintiff's customer wired the sum of $138,968.50 into the account for and on behalf of the Plaintiff which the Defendants accepted and charged a fee for. Defendants have verified (from the originating bank), that the payment order that it received on behalf of the Plaintiff was authorized by the originating bank's customer. As such and pursuant to the provisions of the California Commercial Code section 11404(a), Defendants became obliged to pay the amount of the order of the wire transfer in the amount of the funds "to the beneficiary of the order", in this case, the Plaintiff.

72.     In or around November 7, 2020, Plaintiff as beneficiary, made a demand to withdraw part of the funds from the account but was prevented from doing so by the Defendants who had withdrawn the funds ($138,968.50) from the account. Thus, the execution date of the payment order as contained in the wire transfer has passed but Defendants have still refused to make payment to the Plaintiff as required by the payment order.

73.     Plaintiff and its counsel have since made numerous oral and written requests upon the Defendants to release the wired funds and have also informed the Defendants that Plaintiff was incurring business losses and unnecessary expenses as a result of the Defendants' refusal to release, the funds, yet the Defendants have refused (in violation of the aforementioned provision of the California Commercial Code) and continue to refuse to release the funds while advancing baseless and contradictory reasons for refusing to release the funds.

74.     The aforementioned conduct of the within Defendants constitute an unfair and unlawful business practices on the part of the Defendants, in that such conduct is unfair and further violates California law.

75.     As a proximate result of Defendants' wrongful withholding of the funds, Plaintiff has suffered business losses and expenses and proximate damages in excess of the jurisdictional threshold of this court to be shown by way of evidence at trial.

---

Verified Complaint For: Breach of Contract, etc.

//

76.     The aforementioned conduct of the Defendants in refusing to honor the Plaintiff's demand for the funds in the account was motivated by fraud and malice, thereby entitling the Plaintiff to an award of punitive damages pursuant to California <u>Civil Code</u> section 3294, in an amount according to proof.

## NINTH CAUSE OF ACTION

### (Negligence - Against All Defendants)

77.     Plaintiff repeats, re-pleads and realleges each and every allegation set forth in paragraphs 1 through 76 of this complaint and incorporates the same herein by this reference.

78.     As stated above, in or around October 1, 2020, Plaintiff was the holder of bank account number ending xxxxxxxxxxxxx-9861 in Defendants' bank which the Defendants operated for a fee, agreed to maintain on behalf of the Plaintiff, agreed to receive monies and keep same (including wire transfers) into the account on behalf of the Plaintiff and agreed to pay any all demands and items as authorized by Plaintiff to be negotiated on the account.

79.     As such, Defendants owed the Plaintiff both a contractual and statutory duty to maintain such bank account and the monies belonging to the Plaintiff in such a manner as to safely protect such account and its contents from wrongful debit and a further duty to disburse funds from the account as authorized by Plaintiff, so as not to cause any harm to the Plaintiff.

80.     In or around November 7, 2020, Plaintiff made a demand to withdraw part of the funds from the account but was prevented from doing so by the Defendants who had withdrawn the whole amount of the funds ($138,968.50) from the account without authorization from the Plaintiff.

81.     Plaintiff and its counsel have since made numerous oral and written requests upon the Defendants to release the wired funds and have also informed the Defendants that Plaintiff was incurring business losses and unnecessary expenses as a result of the Defendants' refusal to release the funds. Yet, the Defendants have refused and continue to refuse to release the funds.

82.    As a direct and proximate result of aforementioned conduct of the Defendants' wrongful withholding of the funds, Plaintiff has suffered business losses and expenses and proximate damages in excess of the jurisdictional threshold of this court to be shown by way of evidence at the time of trial.

### TENTH CAUSE OF ACTION

### (Temporary Restraining Order, Preliminary and Permanent

### Injunction - Against All Defendants)

83.    Plaintiff repeats, re-pleads and realleges each and every allegation set forth in paragraphs 1 through 82 of this complaint and incorporates the same herein by this reference.

84.    As stated above, Defendants are (and at all times mentioned in this complaint were) were the Plaintiff's bankers and as such were in a fiduciary relationship with Plaintiff and owed a fiduciary duty to properly maintain the Plaintiff's funds in the Plaintiff's bank account with the Defendants.

85.    Beginning on or about November 7, 2020 and continuing to the present time, Defendants and each of them, wrongfully and unlawfully refused and denied Plaintiff access to his funds in the account, which funds the Defendant had no interest in whatsoever and thereby infringed and interfered with Plaintiff's protected rights and interests in said account (and the funds therein) and with Plaintiff's ability to conduct business.

86.    On or about November 7, 2020 and numerous times thereafter, Plaintiff has demanded that Defendants stop their wrongful conduct as described above and return the Plaintiff's funds but the Defendants and each of them have refused and still refuse to refrain from such conduct for no just reason.

87.    Defendants' aforementioned wrongful conduct unless and until enjoined and restrained by order of this court, will cause great and irreparable injury to Plaintiff in that Plaintiff has lost business due to its inability to access its funds in the Defendants' bank, is not able to conduct its business, has lost and will continue to lose business, customers and to suffer penalties from the wrongful withholding of its funds (as stated above), by the Defendants.

88.     Plaintiff has no adequate remedy at law for the injuries currently being suffered in that it is impossible for Plaintiff to determine the precise amount of damage that it will suffer if the Defendants' conduct is not restrained and Plaintiff will be forced to institute a multiplicity of suits to obtain adequate compensation for its injuries.

89.     As a proximate result of Defendants' wrongful conduct as alleged herein, Plaintiffs business has been damaged in a sum according to proof at trial. Plaintiff will be further damaged in like manner so long as Defendants' conduct continues. The full amount of this damage is not now known to Plaintiff and Plaintiff will amend this complaint to properly state such amount, when the same becomes known to it or on proof of the damages.

90.     By this action Plaintiff seeks injunctive relief, temporary restraining order and preliminary injunction and declaratory relief regarding his right to receive the funds in the account described above, which the Defendant has refused to release.

91.     Plaintiff heretofore requests that the Court make an order restoring the funds in the account to the Plaintiff pursuant to Plaintiff's ownership rights to such account and the funds.

92.     Plaintiff is informed, believes and thereon alleges, that a temporary injunction is necessary since the Plaintiff is subject to the loss of the funds in the account. Defendants' aforementioned wrongful conduct unless and until enjoined by an order of this court, will cause great and irreparable injury to Plaintiff as follows: Plaintiff will lose his business due to lack of funds to run its business and because of Defendants' wrongful retention of such funds.

Wherefore, Plaintiff seeks a temporary restraining order and an injunction to prevent a loss of the funds to the Defendants.

## ELEVENTH CAUSE OF ACTION

### (Declaratory Relief - Against all Defendants)

93.     Plaintiff repeats, re-pleads and realleges each and every allegation set forth in paragraphs 1 through 92 of this complaint and incorporates the same herein by this reference.

94.     An actual and present controversy now exists between Plaintiff and Defendants concerning their rights and obligations regarding the ownership of the funds wired into in the

Verified Complaint For: Breach of Contract, etc.

account by Plaintiff's customer. Plaintiff claims ownership of the funds while the Defendants have refused to release the funds to the Plaintiff for no just reason.

95.     As such, Plaintiff desires a judicial determination and declaration of rights, obligations and entitlement to the funds. Such a declaration is necessary and proper at this time so that Plaintiff may ascertain its rights, obligations and entitlement to the funds in the account.

Wherefore, Plaintiff prays judgement against Defendants and each of them, as follows.

1.     For actual and special and consequential damages in an amount in excess of $500,000.00 and according to proof at the time of trial;

2.     For damages for conversion of Plaintiff's funds in an amount in excess of $500,000.00 and according to proof at trial;

3.     For punitive and exemplary damages according to proof;

4.     For prejudgment interest at the rate allowed by law and in according with the provisions of California <u>Civil Code</u> sections 3289 and 3289.5.

5.     For an order requiring defendants to show cause, (if any, why Defendants should not be enjoined as set forth in this complaint during the pendency of this action;

6.     For a temporary restraining order, a preliminary injunction, and a permanent injunction, all enjoining Defendants and their agents and all persons acting on their behalf:

a.     From freezing the funds due to Plaintiff and from making slanderous and derogatory comments about the Plaintiff;

b.     To release any and all of the funds being withheld held by the Defendants from the Plaintiff's account and make them available for immediate withdrawal.

7.     For reasonable attorney's fees and for costs of suit herein incurred;

10.     For such other and further relief as the court may deem proper.

Dated : 02/26/2021                LAW OFFICES OF ALFRED O. ANYIA

By:

**ALFRED O. ANYIA ESQ.**
Attorney for Plaintiff,
**JAM CAPITAL MANAGEMENT, INC.,**

## **VERIFICATION**

### **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I have read the foregoing Verified Complaint, Etc., and know its content. I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information, and as to those matters I believe them to be true.

I declare under penalty of perjury under the Laws of the State of California that the foregoing is true and correct,

Executed on March 1, 2021, at North Hollywood, California.

**MORUFU AKINBILE**
CEO, JAM CAPITAL MANAGEMENT, INC.

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>03/03/2021<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ R. Clifton _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>21STCV08473 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Robert B. Broadbelt | 53 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on _03/04/2021_____
     (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By _R. Clifton_____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

### NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

**FILED**
Superior Court of California
County of Los Angeles

03/05/2021

Sherri R. Carter, Executive Officer / Clerk of Court

By: C. Vaughn, Deputy

Reserved for Clerk's File Stamp

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF:
JAM CAPITAL MANAGEMENT INC.

DEFENDANT:
TRUIST FINANCIAL CORPORATION et al

## NOTICE OF CASE MANAGEMENT CONFERENCE

CASE NUMBER:
21STCV08473

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: 07/01/2021 | Time: 8:30 AM | Dept.: 53 |

NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: 03/05/2021

Robert B. Broadbelt / Judge
Judicial Officer

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Alfred O. Anyia, Esq.
10545 Burbank Blvd.
Ste 126
North Hollywood, CA 91601

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 03/05/2021

By C. Vaughn
Deputy Clerk

LACIV 132 (Rev. 07/13)
LASC Approved 10-03
For Optional Use

# NOTICE OF
# CASE MANAGEMENT CONFERENCE

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter V@^^

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>03/05/2021<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ C. Vaughn _____ Deputy |
| PLAINTIFF/PETITIONER:<br>JAM CAPITAL MANAGEMENT INC. | |
| DEFENDANT/RESPONDENT:<br>TRUIST FINANCIAL CORPORATION et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>21STCV08473 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Alfred O. Anyia
Law Offices of Alfred O. Anyia
10545 Burbank Blvd.
Ste 126
North Hollywood, CA  91601

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 03/5/2021                    By:  C. Vaughn _____
                                                    Deputy Clerk

**CERTIFICATE OF MAILING**