| | |
|---|---|
| 1 | **TROUTMAN PEPPER HAMILTON SANDERS LLP** |
| 2 | Jessica R. Lohr (SBN 3023348) |
| | 5 Park Plaza Suite 1400 |
| 3 | Irvine, CA 92614-2545 |
| | Telephone: (858) 509-6044 |
| 4 | Facsimile: (858) 509-6040 |
| | jessica.lohr@troutman.com |
| 5 | |
| | Attorneys for Defendants |
| 6 | Truist Financial Corporation and |
| | Truist Bank |
| 7 | |

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAM CAPITAL MANAGEMENT, INC., | | Case No. 2:21-cv-03306 MWF (Ex) |
| | Plaintiff, | **DEFENDANTS' ANSWER AND ADDITIONAL DEFENSES** |
| v. | | |
| TRUIST FINANCIAL CORPORATION, TRUIST BANK, AND DOES 1 TO 10, | | |
| | Defendants. | |

Defendants Truist Financial Corporation and Truist Bank (collectively, "Truist"), through its undersigned counsel and pursuant to the Federal Rules of Civil Procedure, answers the Complaint of Plaintiff JAM Capital Management, Inc. ("Plaintiff"). Truist denies all allegations in the Complaint that it does not expressly admit in this Answer.

Truist responds to the specific allegations in the enumerated paragraphs in the Complaint and asserts its additional defenses as follows:

## PRELIMINARY STATEMENT

1. Truist lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint regarding Plaintiff's business operations and licenses and, therefore, denies the same.

2. Truist admits that Truist Financial Corporation is a North Carolina corporation and that it is the parent company of Truist Bank. Truist denies the remaining allegations of paragraph 2.

3. Truist denies that the entity "Truist Bank" is a California Corporation. Truist admits that Truist Bank is a subsidiary of Truist Financial Corporation and that it conducts business in California. The remaining allegations in paragraph 3 of the Complaint summarize the naming convention Plaintiff uses in the Complaint to refer to the named defendants, to which no response is required.

4. Truist lacks information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint and, on that basis, denies the same.

5. The allegations in paragraph 5 the Complaint consist of legal conclusions to which no response is required. To the extent that the allegations in paragraph 5 are contrary to law, they are denied.

## BACKGROUND MATTERS AFFECTING ALL CLAIMS

6. Truist admits that in or around September 2020, Plaintiff opened a checking account with Truist. The remaining allegations refer to a contract, which speaks for itself. To the extent the allegations are inconsistent with the contract, Truist denies those allegations.

7. Truist admits that Plaintiff deposited funds into the checking account after opening the account with Truist.

8. Truist admits that on or about November 4, 2020, it received wire instructions that included the account number belonging to Plaintiff, but denies that the Plaintiff was the named beneficiary on the wire. Truist lacks information

sufficient to form a belief as to the truth of the remaining allegations in paragraph 8 of the Complaint and, on that basis, denies the same.  Truist states that because the Plaintiff was not the named beneficiary on the wire instructions, the Plaintiff has no rights to the funds pursuant to California Commercial Code § 11207.

9. Truist admits that after the wire transfer was initiated, Plaintiff communicated with Truist by telephone.  The allegations in paragraph 9 of the Complaint regarding the contents of those communications reference call recording(s) that speaks for themselves.  To the extent the allegations are inconsistent with the recordings, Truist denies those allegations.  Truist denies all remaining allegations in paragraph 9 of the Complaint.

10. Truist admits that after the wire transfer was initiated, Plaintiff communicated with Truist by telephone.  The allegations in paragraph 10 of the Complaint regarding the contents of those communications reference call recording(s) that speaks for themselves.  To the extent the allegations are inconsistent with the recordings, Truist denies those allegations.  Truist denies all remaining allegations in paragraph 10 of the Complaint.

11. Truist admits that after the wire transfer was initiated, Plaintiff communicated with Truist by telephone.  The allegations in paragraph 11 of the Complaint regarding the contents of those communications reference call recording(s) that speaks for themselves.  To the extent the allegations are inconsistent with the recordings, Truist denies those allegations.  Truist denies all remaining allegations in paragraph 11 of the Complaint.

12. Truist admits that after the wire transfer was initiated, Plaintiff communicated with Truist by telephone.  The allegations in paragraph 12 of the Complaint regarding the contents of those communications reference call recording(s) that speaks for themselves.  To the extent the allegations are inconsistent with the recordings, Truist denies those allegations.  Truist denies all remaining allegations in paragraph 12 of the Complaint.

13. Truist admits that after the wire transfer was initiated, Plaintiff communicated with Truist by telephone. The allegations in paragraph 13 of the Complaint regarding the contents of those communications reference call recording(s) that speaks for themselves. To the extent the allegations are inconsistent with the recordings, Truist denies those allegations. Truist denies all remaining allegations in paragraph 13 of the Complaint.

14. Truist lacks information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint regarding Plaintiff's conversations with third parties and, on that basis, denies the same. The allegations in paragraph 14 of the Complaint regarding the contents of those communications reference call recording(s) that speaks for themselves. To the extent the allegations are inconsistent with the recordings, Truist denies those allegations. Truist denies all remaining allegations in paragraph 14 of the Complaint.

15. Truist admits that after the wire transfer was initiated, Plaintiff's counsel communicated with Truist by telephone. The allegations in paragraph 15 of the Complaint regarding the contents of those communications reference call recording(s) that speaks for themselves. To the extent the allegations are inconsistent with the recordings, Truist denies those allegations. Truist denies all remaining allegations in paragraph 15 of the Complaint.

16. Truist admits that after the wire transfer was initiated, Plaintiff's counsel communicated with Truist by telephone and by letter. The allegations in paragraph 16 of the Complaint regarding the contents of those communications reference call recording(s) and documents that speak for themselves. To the extent the allegations are inconsistent with the recordings and documents, Truist denies those allegations. Truist denies all remaining allegations in paragraph 16 of the Complaint.

17. Truist admits that after the wire transfer was initiated, Plaintiff's counsel communicated with Truist by telephone. The allegations in paragraph 17

of the Complaint regarding the contents of those communications reference call recording(s) that speaks for themselves. To the extent the allegations are inconsistent with the recordings, Truist denies those allegations. Truist denies that any allegations suggesting that its investigation was complete. Truist denies all remaining allegations in paragraph 17 of the Complaint. Truist lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 17 of the Complaint regarding Plaintiff's relationship with third parties and, on that basis, denies the same.

18. Truist denies the allegations in paragraph 18 of the Complaint.

19. Truist denies the allegations in paragraph 19 of the Complaint.

20. Truist lacks information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint and, on that basis, denies the same.

21. Truist denies the allegations in paragraph 21 of the Complaint and denies that Plaintiff is entitled to any relief as against Truist.

## **FIRST CAUSE OF ACTION**

22. Truist repeats its answers to the allegations contained in the foregoing paragraphs as though fully set forth herein.

23. The allegations in paragraph 23 of the Complaint reference a document that speaks for itself. To the extent the allegations are inconsistent with the document, Truist denies those allegations. Truist denies all remaining allegations in paragraph 16 of the Complaint.

24. The allegations in paragraph 24 of the Complaint state a legal conclusion to which no response is required. To the extent that the allegations in paragraph 24 are contrary to law, they are denied.

25. Truist admits that on or about November 4, 2020, a wire transfer was received by Truist and referenced the account number belonging to Plaintiff, but denies that the Plaintiff was the named beneficiary on the wire. Truist states that because the Plaintiff was not the named beneficiary on the wire instructions, the

Plaintiff has no rights to the funds pursuant to California Commercial Code § 11207.  Truist denies the remaining allegations in paragraph 25 of the Complaint.

26. Truist denies the allegations in paragraph 26 of the Complaint.

27. Truist denies the allegations in paragraph 27 of the Complaint.

## SECOND CAUSE OF ACTION

28. Truist repeats its answers to the allegations contained in the foregoing paragraphs as though fully set forth herein.

29. The allegations in paragraph 29 of the Complaint reference a document that speaks for itself.  To the extent the allegations are inconsistent with the document, Truist denies those allegations.  Truist denies all remaining allegations in paragraph 29 of the Complaint.

30. The allegations in paragraph 30 of the Complaint state a legal conclusion to which no response is required.  To the extent that the allegations in paragraph 30 are contrary to law, they are denied.

31. The allegations in paragraph 31 of the Complaint state a legal conclusion to which no response is required.  To the extent that the allegations in paragraph 31 are contrary to law, they are denied.

32. Truist admits that on or about November 4, 2020, a wire transfer was received by Truist and referenced the account number belonging to Plaintiff, but denies that the Plaintiff was the named beneficiary on the wire.  Truist states that because the Plaintiff was not the named beneficiary on the wire instructions, the Plaintiff has no rights to the funds pursuant to California Commercial Code § 11207.  Truist denies the remaining allegations in paragraph 32 of the Complaint.

33. Truist denies the allegations in paragraph 33 of the Complaint.

34. Truist denies the allegations in paragraph 34 of the Complaint.

35. Truist denies the allegations in paragraph 35 of the Complaint.

## THIRD CAUSE OF ACTION

36. Truist repeats its answers to the allegations contained in the foregoing paragraphs as though fully set forth herein.

37. The allegations in paragraph 37 of the Complaint reference a document that speaks for itself. To the extent the allegations are inconsistent with the document, Truist denies those allegations. The allegation in paragraph 37 of the Complaint regarding Truist's fiduciary duty states a legal conclusion to which no response is required. To the extent that allegation in paragraph 37 is contrary to law, it is denied. Truist denies all remaining allegations in paragraph 37 of the Complaint.

38. Truist admits that on or about November 4, 2020, it received a wire transfer which referenced the account number belonging to Plaintiff, but denies that the Plaintiff was the named beneficiary on the wire. Truist states that because the Plaintiff was not the named beneficiary on the wire instructions, the Plaintiff has no rights to the funds pursuant to California Commercial Code § 11207. Truist denies the remaining allegations in paragraph 38 of the Complaint.

39. Truist denies the allegations in paragraph 39 of the Complaint.

40. Truist denies the allegations in paragraph 40 of the Complaint.

41. Truist denies the allegations in paragraph 41 of the Complaint.

## FOURTH CAUSE OF ACTION

42. Truist repeats its answers to the allegations contained in the foregoing paragraphs as though fully set forth herein.

43. Truist admits that on or about November 4, 2020, it received a wire transfer which referenced the account number belonging to Plaintiff, but denies that the Plaintiff was the named beneficiary on the wire. Truist states that because the Plaintiff was not the named beneficiary on the wire instructions, the Plaintiff has no rights to the funds pursuant to California Commercial Code § 11207. Truist denies the remaining allegations in paragraph 43 of the Complaint.

44. Truist denies the allegations in paragraph 44 of the Complaint.

45. Truist denies the allegations in paragraph 45 of the Complaint.

46. Truist denies the allegations in paragraph 46 of the Complaint.

47. Truist denies the allegations in paragraph 47 of the Complaint.

48. Truist denies the allegations in paragraph 48 of the Complaint.

## FIFTH CAUSE OF ACTION

49. Truist repeats its answers to the allegations contained in the foregoing paragraphs as though fully set forth herein.

50. Truist admits that on or about November 4, 2020, it received a wire transfer which referenced the account number belonging to Plaintiff, but denies that the Plaintiff was the named beneficiary on the wire. Truist states that because the Plaintiff was not the named beneficiary on the wire instructions, the Plaintiff has no rights to the funds pursuant to California Commercial Code § 11207. Truist denies the remaining allegations in paragraph 50 of the Complaint.

51. Truist denies the allegations in paragraph 51 of the Complaint.

52. Truist denies the allegations in paragraph 52 of the Complaint.

53. Truist denies the allegations in paragraph 53 of the Complaint.

## SIXTH CAUSE OF ACTION

54. Truist repeats its answers to the allegations contained in the foregoing paragraphs as though fully set forth herein.

55. Truist admits that in or around September 2020, Plaintiff opened a checking account with Truist, which required payment of certain fees in accordance with the account agreement. The remaining allegations in paragraph 55 of the Complaint reference a document that speaks for itself. To the extent the allegations are inconsistent with the document, Truist denies those allegations. Truist denies all remaining allegations in paragraph 55 of the Complaint.

56. Truist admits that on or about November 4, 2020, it received a wire transfer which referenced the account number belonging to Plaintiff, but denies

1  that the Plaintiff was the named beneficiary on the wire.  Truist states that because
2  the Plaintiff was not the named beneficiary on the wire instructions, the Plaintiff
3  has no rights to the funds pursuant to California Commercial Code § 11207.  Truist
4  denies the remaining allegations in paragraph 56 of the Complaint.

5         57.    Truist denies the allegations in paragraph 57 of the Complaint.
6        58.    Truist denies the allegations in paragraph 58 of the Complaint.
7        59.    Truist denies the allegations in paragraph 59 of the Complaint.
8        60.    Truist denies the allegations in paragraph 60 of the Complaint.
9        61.    Truist denies the allegations in paragraph 61 of the Complaint.

## SEVENTH CAUSE OF ACTION

11        62.    Truist repeats its answers to the allegations contained in the foregoing
12  paragraphs as though fully set forth herein.

13        63.    Truist admits that in or around September 2020, Plaintiff opened a
14  checking account with Truist, which required payment of certain fees in accordance
15  with the account agreement. The remaining allegations in paragraph 63 of the
16  Complaint reference a document that speaks for itself.  To the extent the allegations
17  are inconsistent with the document, Truist denies those allegations.  Truist denies
18  all remaining allegations in paragraph 63 of the Complaint.

19        64.    Truist admits that on or about November 4, 2020, someone attempted
20  to wire funds to an account number assigned to Plaintiff's checking account, but
21  denies that the depositor associated with the account number matched the named
22  beneficiary on the wire, which was not Plaintiff.  Truist denies the remaining
23  allegations in paragraph 64 of the Complaint.

24        65.    Truist denies the allegations in paragraph 65 of the Complaint.
25        66.    Truist denies the allegations in paragraph 66 of the Complaint.
26        67.    Truist denies the allegations in paragraph 67 of the Complaint.
27        68.    Truist denies the allegations in paragraph 68 of the Complaint.

**EIGHTH CAUSE OF ACTION**

69. Truist repeats its answers to the allegations contained in the foregoing paragraphs as though fully set forth herein.

70. Truist admits that in or around September 2020, Plaintiff opened a checking account with Truist, which required payment of certain fees in accordance with the account agreement. The remaining allegations in paragraph 70 of the Complaint reference a document that speaks for itself. To the extent the allegations are inconsistent with the document, Truist denies those allegations. Truist denies all remaining allegations in paragraph 70 of the Complaint.

71. Truist admits that on or about November 4, 2020, it received a wire transfer which referenced the account number belonging to Plaintiff, but denies that the Plaintiff was the named beneficiary on the wire. Truist states that because the Plaintiff was not the named beneficiary on the wire instructions, the Plaintiff has no rights to the funds pursuant to California Commercial Code § 11207. Truist denies the remaining allegations in paragraph 71 of the Complaint.

72. Truist denies the allegations in paragraph 72 of the Complaint.

73. Truist denies the allegations in paragraph 73 of the Complaint.

74. Truist denies the allegations in paragraph 74 of the Complaint.

75. Truist denies the allegations in paragraph 75 of the Complaint.

76. Truist denies the allegations in paragraph 76 of the Complaint.

**NINTH CAUSE OF ACTION**

77. Truist repeats its answers to the allegations contained in the foregoing paragraphs as though fully set forth herein.

78. Truist admits that in or around September 2020, Plaintiff opened a checking account with Truist, which required payment of certain fees in accordance with the account agreement. The remaining allegations in paragraph 78 of the Complaint reference a document that speaks for itself. To the extent the allegations

are inconsistent with the document, Truist denies those allegations. Truist denies all remaining allegations in paragraph 78 of the Complaint.

79. The allegations in paragraph 79 of the Complaint state a legal conclusion to which no response is required. To the extent that the allegations in paragraph 79 are contrary to law, they are denied.

80. Truist denies the allegations in paragraph 80 of the Complaint.

81. Truist denies the allegations in paragraph 81 of the Complaint.

82. Truist denies the allegations in paragraph 82 of the Complaint.

## TENTH CAUSE OF ACTION

83. Truist repeats its answers to the allegations contained in the foregoing paragraphs as though fully set forth herein.

84. The allegations in paragraph 84 of the Complaint state a legal conclusion to which no response is required. To the extent that the allegations in paragraph 84 are contrary to law, they are denied.

85. Truist denies the allegations in paragraph 85 of the Complaint.

86. Truist denies the allegations in paragraph 86 of the Complaint.

87. Truist denies the allegations in paragraph 87 of the Complaint.

88. Truist denies the allegations in paragraph 88 of the Complaint.

89. Truist denies the allegations in paragraph 89 of the Complaint.

90. Truist denies that Plaintiff is entitled to the relief requested in paragraph 90 of the Complaint. Truist denies the remaining allegations in paragraph 90 of the Complaint.

91. Truist denies that Plaintiff is entitled to the relief requested in paragraph 91 of the Complaint. Truist denies the remaining allegations in paragraph 91 of the Complaint.

92. Truist denies the allegations in paragraph 92 of the Complaint.

## ELEVENTH CAUSE OF ACTION

93. Truist repeats its answers to the allegations contained in the foregoing paragraphs as though fully set forth herein.

94. The allegations in paragraph 94 of the Complaint state a legal conclusion to which no response is required. To the extent that the allegations in paragraph 94 are contrary to law, they are denied.

95. Truist denies that Plaintiff is entitled to the relief requested in paragraph 95 of the Complaint. Truist denies the remaining allegations in paragraph 95 of the Complaint.

## PRAYER FOR RELIEF

Truist denies that Plaintiff is entitled to the relief demanded in the unnumbered paragraphs beginning with "WHEREFORE" following paragraphs 92 and 95 of the Complaint, including all subsections.

## ADDITIONAL DEFENSES

Without admitting any of the allegations in the Complaint, and without admitting or acknowledging that Truist bears the burden of proof as to any of them, Truist asserts the following defenses. Truist intends to rely on any additional defenses that may become available or apparent during pretrial proceedings and discovery in this action and hereby reserves the right to amend this Answer to assert all such defenses.

## FIRST ADDITIONAL DEFENSE

The Complaint fails to the extent it does not set forth facts sufficient to state a claim upon which relief may be granted against Truist, and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief from Truist.

## SECOND ADDITIONAL DEFENSE

The Complaint fails to the extent that, at all relevant times with respect to Plaintiff, Truist acted in good faith and complied fully with all state and federal laws.

## THIRD ADDITIONAL DEFENSE

The Complaint fails to the extent that Plaintiff's purported damages, which Truist continues to deny, were the result of acts or omissions of third persons over whom Truist had neither control nor responsibility, or were the result of Plaintiff's own prior conduct.

## FOURTH ADDITIONAL DEFENSE

Plaintiff's claim for punitive damages fails to the extent that the Complaint states no facts in support of a claim for punitive damages.

## FIFTH ADDITIONAL DEFENSE

The Complaint is barred, in whole or in part, to the extent that Plaintiff failed to protect itself from damages, if any, or failed to mitigate its alleged damages.

## SIXTH ADDITIONAL DEFENSE

The Complaint is barred, in whole or in part, to the Economic Loss Doctrine.

## SEVENTH ADDITIONAL DEFENSE

The Complaint is barred, in whole or in part, because Plaintiff had no rights to the funds pursuant to applicable law, including California Commercial Code § 11207.

## EIGHTH ADDITIONAL DEFENSE

The Complaint is barred, in whole or in part, because Plaintiff's claims are preempted by applicable law including relevant provisions of the California Commercial Code.

## NINTH ADDITIONAL DEFENSE

Any recovery Plaintiff receives is subject to a set off if any damages are awarded against Truist, in the amount of any damages or settlement amounts recovered by Plaintiff with respect to the same alleged damages. Truist is also entitled to have any damages that may be awarded to Plaintiff reduced by the value of any benefit or payment to Plaintiff from any collateral source.

## TENTH ADDITIONAL DEFENSE

Any damages allegedly suffered by Plaintiff were not caused by Truist, but by intervening causes.

## ELEVENTH ADDITIONAL DEFENSE

Plaintiff's alleged damages, if any, are speculative or uncertain and, therefore, are not compensable.

## TWELFTH ADDITIONAL DEFENSE

Truist reserves the right to assert additional defenses as they become known.

## PRAYER FOR RELIEF

WHEREFORE, Truist requests this Court to enter a judgment:

1. denying Plaintiff any and all relief in this case;
2. dismissing Plaintiff's claims in their entirety;
3. dismissing this case with prejudice;
4. awarding Truist its costs and attorneys' fees incurred in this case; and
5. granting Truist all other relief that the Court deems just and proper.

| | | |
|---|---|---|
| 1 | Dated: May 7, 2021 | TROUTMAN PEPPER HAMILTON SANDERS LLP |

Dated:	May 7, 2021	TROUTMAN PEPPER HAMILTON SANDERS LLP

By: */s/ Jessica R. Lohr*
Jessica R. Lohr

Attorneys for Defendants Truist Financial Corporation and Truist Bank