**ALFRED O. ANYIA (SBN 183571)**
Email: alfredanyialaw@gmail.com
**PAULINUS E. EICHIE (SBN 224564)**
Email: paulinuseichielaw@gmail.com
**LAW OFFICES OF ALFRED O. ANYIA**
10545 Burbank Boulevard, Suite 126
North Hollywood, California 91601
Phone: (818) 432-8467; Fax: (818) 322-1269
Attorneys for Plaintiff, JAM CAPITAL MANAGEMENT INC.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| JAM CAPITAL MANAGEMENT, INC., <br><br> Plaintiff, <br> vs. <br><br> TRUIST FINANCIAL CORPORATION, TRUIST BANK AND DOES 1 TO 10, <br><br> Defendants <br>_____<br><br> TRUIST BANK, <br><br> Cross-complainant, <br><br> vs. <br><br> JAM CAPITAL MANAGEMENT INC., BANCO INBURSA, S.A.; JP MORGAN CHASE BANK, NA; SKY | Case No. 2:21-cv-03306-MWF (Ex) <br><br> [Assigned to the Hon. Michael W. Fitzgerald] <br><br> **JOINT RULE 26(f) REPORT** <br><br> <u>Initial Scheduling Conference:</u> <br> Judge: Hon. Michael W, Fitzgerald <br> Ctrm:  5A |

1
JOINT RULE 26(f) REPORT

| | |
|---|---|
| 1 | EYE MEASUREMENT INC., ) |
| 2 | ) Cross-Defendants. ) |
| | ) |
| | ) |

Pursuant to Federal <u>Rules of Civil Procedure</u> 26(f), Local Rule 26-1, and this Court's May 20, 2021 Order Setting Scheduling Conference, Plaintiff JAM CAPITAL MANAGEMENT INC., (hereafter "Plaintiff") and Defendants, TRUIST FINANCIAL CORPORATION and TRUIST BANK, (hereafter, "Defendant" or "Truist"), held a Fed. R. Civ. P. 26(f) Early Conference telephonically on June 29, 2021. Alfred O. Anyia of the Law Offices of Alfred O. Anyia, appeared on behalf of Plaintiff and Jessica Lohr of Troutman Pepper Hamilton Sanders, LLP appeared telephonically on behalf of Defendants, Truist.

**A.** **Statement of the Case.**

Plaintiff's Position:

Plaintiff is a Nevada Corporation with its principal place of business in Los Angeles, California. In late September, 2020, Plaintiff opened a business checking bank account (No: xxxxxxxxxxxx-9861), in Defendant Truist's bank in Los Angeles County, California. In or around November 5, 2020, Plaintiff was the named beneficiary of a wire transfer in the amount of $138,968.00 ("wired funds") originated by Plaintiff's customer in Mexico and which amount was designated to

be paid into Plaintiff's aforementioned bank account number for and or behalf of Plaintiff as beneficiary of the wired funds and also to another named beneficiary, which fact was unknown to Plaintiff.

Upon confirmation that Defendant Truist had received the wired funds into Plaintiff's account, Plaintiff requested that Defendant Truist release part of the wired funds but Defendant Truist refused stating that the wired funds were on hold as a result of a fraud investigation and until Defendant Truist determined the true owner of the wired funds. Defendant Truist then removed the wired funds and froze Plaintiff's bank account. Thereafter, Defendant Truist gave various conflicting excuses for not releasing the wired funds to the Plaintiff. After days of going back and forth, Defendant Truist's representatives told Plaintiff's representative that, that Defendant Truist was not going to release the funds to Plaintiff and that Plaintiff should have its customer in Mexico recall the wire transfer.

Thereafter, Plaintiff was contacted by its customer in Mexico (who originated the wire transfer) and the customer informed the Plaintiff that Defendant Truist had contacted the customer's bank (that originated the wire transfer on behalf of the customer), to determine if the wire transfer was genuine, a mistake or a fraudulent transaction and that Defendant Truist was told in no uncertain terms that the wired funds were meant for Plaintiff and should be released as such. However, Defendant Truist insisted that the customer in Mexico and its bank recall the wired funds and continued to refuse to release such funds, or interplead said funds for that matter. As such, in December, 2020, Plaintiff was forced to retain legal counsel who also after many efforts, could not get Defendant Truist to release the funds.

In or around February 16, 2021, Defendant Truist's representative initiated a telephone call with both Plaintiff's representative and its counsel wherein she

informed them that Defendant Truist had reached a resolution of the matter and had decided to release the wired funds to the Plaintiff but only on the condition that Plaintiff would get the originating bank in Mexico to issue a "hold harmless" letter to the Defendant Truist. Plaintiff declined because it had no relationship with the Bank in Mexico and Plaintiff's counsel informed the Defendant Truist's representative that such a letter was not a requirement of the law. As such, Truist decided to continue to hold on to the wired funds and did not see it fit to interplead the wired funds.

As such, on April 16, 2021, Plaintiff filed and served the complaint in this suit (in California State Superior Court – Los Angeles) against the Defendant Truist only, seeking to release the wired funds and also seeking damages and attorney's fees for the wrongful withholding of the wired funds by Defendant Truist. Defendant Truist responded by removing the case to Federal court on grounds of diversity and thereafter filed a cross-complaint to interplead the wired funds.

Plaintiff contends that there is no basis for the interpleader because there are no other claimants or potential claimants to the wired funds and also because Defendant Truist has long confirmed (from the originator and originating bank) that the wire funds belonged to Plaintiff. The interpleader is Defendant Truist's attempt to avoid paying for the damages caused to Plaintiff by said Defendant wrongfully holding on to the wired funds for so long, without justification.

Defendant, Truist's Position:

On or about September 22, 2020, JAM opened a business deposit account at a Truist branch located in Los Angeles, California, titled in the name of JAM Capital Management, Inc. and bearing account number ending in -3049 ("JAM Truist Account"). On or about November 4, 2020, Truist received a wire transfer initiated by Banco Inbursa and sent to Truist by JP Morgan in the amount of

$138,968.50 (the "Wired Funds") with instructions to direct the Wired Funds into an account number that matched the JAM Truist Account. However, according to the Wire Detail instructions, the beneficiary was not JAM, but instead a third party (Sky Eye).

Pursuant § 11207 of the California Commercial Code, when the name, bank account number, or other identification of the beneficiary on a payment order refers to a nonexistent or unidentifiable person or account, no person has rights as a beneficiary of the order and acceptance of the order cannot occur. Truist is presently holding the Wired Funds initiated by wire transfer from Banco Inbursa for deposit into the JAM Truist Account, less the applicable $15 wire transfer transaction fee which it debited.

Under these circumstances, Truist has been unable to determine—factually or legally—whether Banco Inbursa, JP Morgan, JAM or Sky Eye is entitled to the Funds. Accordingly, Truist is—or may be—exposed to multiple claims because of the discrepancy between the name of the beneficiary and of the depositor associated with the Wired Funds that were deposited into the JAM Truist Account. Accordingly, Truist has filed a Complaint in Interpleader with Counterclaim, such that all involved parties can be involved in the litigation.

Truist does not have any stake or ownership interest in the Wired Funds (except to recover its attorney's fees and costs incurred in bringing this action) and has acted in good faith with respect to the Wired Funds and the claimants thereto.

Truist asserts that it complied with all applicable laws and denies that Plaintiff was harmed as a result of its conduct.

### B. Subject Matter Jurisdiction

Plaintiff's Position:

It is Plaintiff's position that the California Superior court has subject matter jurisdiction over Plaintiff's claims. However, Plaintiff does not dispute the fact that this court has original Diversity jurisdiction pursuant to 28 U.S.C. §1332 (a)(1) and §§1441 and 1446.

Defendant Truist's Position:

This Court has original diversity jurisdiction pursuant to 28 U.S.C. §1332 (a)(1) and §§1441 and 1446.

C. **Legal Issues**

- Whether Defendant Truist violated California Commercial Code §11207 and §11404, et seq., by refusing to release the wired funds to Plaintiff after contacting the originator/originating bank of the wired funds who categorically informed the Defendant Truist that the wired funds were meant for the Plaintiff
- Whether Defendant Truist is liable to the Plaintiff for damages, costs and attorney's fees.
- Whether Defendant Truist was entitled to interplead the wired funds and if so when ?
- What entity is entitled to the Funds at issue in this case.

D. **Parties, Evidence, Etc.**

The parties expect that the following entities (including representatives and employees) will have relevant and discoverable documents and information, as well as percipient knowledge of the facts at issue in this case.

- Plaintiff JAM Capital Management, Inc.
- Defendant Truist Bank
- Banco Imbursa, S.A.

- JP Morgan Chase Bank, NA
- Sky Eye Measurement Inc.

### E. Damages.

Plaintiff's Position:

Plaintiff seeks damages in the form of:

- At least $139,000 in the amount of the wired funds been held by the Defendant, Truist;
- Restitution and/or disgorgement of profits or any interest retained by the Defendant Truist since November 5, 2020;
- Interest on the wired funds at the legal rate; and
- Consequential damages in the form of costs attorney's fees spent by Plaintiffs in seeking payment of the wired funds.

Defendant Truist's Position:

Defendant asserts that Plaintiff is not entitled to damages in this action.

### F. Insurance

Plaintiff's Position:

Plaintiff is unaware of any applicable insurance coverage.

Defendant Truist's Position:

Truist states that it has not identified any insurance agreement implicated by this action at this stage of the proceedings.

### G. Motions

Plaintiff's Position:

Plaintiff anticipates filing a motion for summary judgment or adjudication as to its claims.

Defendant Truist's Position:

Truist anticipates filing a motion for summary judgment or adjudication as to its claims.

### H. Manual for Complex Litigation.

The parties do not believe that the Manual for Complex Litigation should be used in this case.

### I. Status of Discovery.

Plaintiff's Position:

Plaintiff has not served any discovery in this case but intends to serve the following discovery on the Defendants:

- Requests for Production of Documents, Set One, to be served on or before July 10, 2021; and
- Interrogatories, Set One, to be served on July 10, 2021.

Defendant Truist's Position:

Formal discovery should be stayed pending the appearance of the other parties that have been added to this action through Truist's Complaint in Interpleader with Counterclaim.

### J. Discovery Plan.

The parties do not believe that there should be any changes to the disclosure requirements of Rule 26(a). The parties intend to take discovery relating to both questions of liability and damages in the form of written requests, depositions, and third-party document production or depositions. The parties seek a discovery plan which abides by the Federal Rules of Civil Procedure concerning such discovery limitations. The parties do not believe that discovery should be conducted in phases

or that any changes or limitations are necessary to the discovery rules set forth in the Federal Rules of Civil Procedure or the Local Rules.

The parties recognize that there may be electronic records and information relevant to this lawsuit, and if the production of electronic records becomes necessary, the parties will meet and confer over the form and production of such information. In the meantime, it is expected that no relevant evidence, electronic or otherwise, will be destroyed, altered, or deleted.

The parties have no privilege or protection issues to identify. The parties agree that to the extent any party intends to assert a claim of privilege or protection as trial preparation material, any such claim must be made in a timely manner and in accordance with Fed. R. Civ. P. 26(b)(5). The parties agree that communications made after the attorney had been retained in this matter do not need to be stated on any privilege log. The parties agree that inadvertent production of privileged materials shall not constitute a waiver of privileges or protections so long as the producing party notifies the receiving party promptly upon discovery of the inadvertent production. Disputes concerning privileges and protections shall be addressed in accordance with Fed. R. Civ. P. 26(b)(5)(B).

The parties anticipate they will agree upon and submit to the Court a proposed stipulated protective order, based on the Central District's form, which will apply to confidential and/or privileged information produced and/or requested in discovery.

The parties anticipate seeking discovery on *at least* the following topics:

- Any communication between Defendant Truist and any of the named cross Defendants in this case; and
- Any communication between Defendant Truist and the Plaintiff.

- Any use of the wired funds by the Defendant Truist between November 5, 2020 and May, 30, 2021.
- The details and background regarding the wired funds.

Defendant Truist's Further Position:

Truist believes that discovery should be stayed pending the appearance of the other parties that have been added to this action through Truist's Complaint in Interpleader with Counterclaim.

### K. Discovery Cut-Off

The parties propose a discovery cut-off date for completion of all discovery (including resolution of discovery motions) of April 26, 2022. *See* Exhibit A.

### L. Expert Discovery

The parties propose the following expert witness deadlines, *See* Exhibit A:

- Disclosure of expert witnesses:  April 5, 2022
- Disclosure of rebuttal expert witnesses:  May 3, 2022
- Expert discovery cut-off May 24, 2022

### M. Dispositive Motions

Plaintiff's Position:

Plaintiff anticipates potentially seeking summary judgment or adjudication on its claims.

Defendant Truist's Position:

Truist anticipates moving on summary judgment on the basis that it is not liable for any of Plaintiff's claims or asserted damages as a matter of law.

### N.    Settlement/ADR

The parties have discussed a potential early resolution of this case, but have not been successful to date. Plaintiff believes the case will benefit from mediation at this juncture and elect to participate with the Court's mediation panel

### O.    Trial Estimate

The parties estimate that the trial will take 3-4 court days. Plaintiff contemplates calling four witnesses at trial.  Truist anticipates calling four witnesses as well.

### P.    Trial Counsel

For Plaintiff:

Alfred O. Anyia, Esq.

Defendant Truist's Position:

Jessica R. Lohr; Andrew Buxbaum (to be admitted pro hac vice)

### Q.    Independent Expert or Master

The Parties agree at this time that this case is not appropriate for appointment of an independent expert or master, but each party reserves the right to seek appointment of a master if it becomes necessary.

### R.    Timetable

*See* Exhibit A attached.  Because the parties agree on the proposed schedule, only the first column has dates inserted.

### S.    Other Issues

N/A.

DATED: July 1, 2021    **LAW OFFICES OF ALFRED O. ANYIA**


By:_____//S//_____
**PAULINUS E. EICHIE, ESQ.**
Attorneys for Plaintiff, **JAM CAPITAL MANAGEMENT INC.**


DATED: July 1, 2021    **TROUTMAN PEPPER HAMILTON SANDERS, LLP**


By:_____//S//_____
**JESSICA LOHR, ESQ.**
Attorneys for Defendant, **TRUIST**.

## **SIGNATURE CERTIFICATION**

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I hereby certify that JESSICA LOHR, ESQ., counsel for Defendant, TRUIST, concur in this Joint Rule 26(f) Report's content and has authorized its filing.

DATED: July 1, 2021              **LAW OFFICES OF ALFRED O. ANYIA**


By:_____//S//_____
**PAULINUS E. EICHIE, ESQ.**
Attorneys for Plaintiff, **JAM CAPITAL MANAGEMENT, INC.**

## JUDGE MICHAEL W. FITZGERALD
## SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET

| Case No. | 2:21-cv-03306-MWF (Ex) |
|---|---|
| Case Name | JAM CAPITAL MANAGEMENT, INC. v. TRUIST FINANCIAL CORPORATION, et al. |

| Matter | Plaintiff(s)' Date mo / day / year | Defendant(s)' Date mo / day / year | Court Order |
|---|---|---|---|
| [X] Jury Trial  or  [ ] Court Trial (Tuesday at 8:30 a.m.) Duration Estimate: 3-4 Days | 8/30/22 | All dates agreed | |
| Final Pretrial Conference [LR 16] and Hearing on Motions *In Limine* (Monday at 11:00 a.m. -- **three (3) weeks** before trial date) Motions *In Limine* must be filed **three (3) weeks** before this date; oppositions are due **two (2) weeks** before this date; no reply briefs. | 8/8/22 | | |

| Event | Weeks Before Trial | Plaintiff(s)' Date mo / day / year | Defendant(s)' Date mo / day / year | Court Order |
|---|---|---|---|---|
| Last Date to Hear Motion to Amend Pleadings / Add Parties | | 12/31/21 | | |
| Non Expert Discovery Cut Off (at least 4 weeks before last date to hear motions) | 18 | 4/26/22 | | |
| Expert Disclosure (Initial) | | 4/5/22 | | |
| Expert Disclosure (Rebuttal) | | 5/3/22 | | |
| Expert Discovery Cut Off | 14 * | 5/24/22 | | |
| Last Date to *Hear* Motions (Monday at 10:00 a.m.) | 14 | 5/24/22 | | |
| Last Date to Conduct Settlement Conference | 12 | 6/7/22 | | |
| <u>For Jury Trial</u><br>♦ File Memorandum of Contentions of Fact and Law, LR 16 4<br>♦ File Exhibit and Witness Lists, LR 16 5.6<br>♦ File Status Report Regarding Settlement<br>♦ File Motions *In Limine* | 6 | 7/19/22 | | |
| <u>For Jury Trial</u><br>♦ Lodge Pretrial Conference Order, LR 16 7<br>♦ File Agreed Set of Jury Instructions and Verdict Forms<br>♦ File Statement Regarding Disputed Instructions, Verdicts, etc.<br>♦ File Oppositions to Motions *In LImine* | 5 | 7/26/22 | | |
| <u>For Court Trial</u><br>♦ Lodge Findings of Fact and Conclusions of Law, LR 52, and Summaries of Direct Testimony | 3 | N/A | | |

* The parties may choose to cut off expert discovery prior to MSJ briefing.

ADR [LR 16 15] Selection:

[X] Attorney Settlement Officer Panel      [ ] Private Mediation      [ ] Magistrate Judge (with Court approval)

**EXHIBIT A**